**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAYLOR JACKSON, JOSEPH FONTANA, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>-against-<br><br>LENDIO, INC.; BROCK BLAKE; and all other related entities and individuals,<br><br>Defendants. | Civil Action No. 2:26-cv-3811<br><br>**NOTICE OF REMOVAL** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Lendio, Inc. ("Lendio") and Brock Blake (collectively, "Defendants") hereby remove the above-captioned action (the "Action") *styled Taylor Jackson, Joseph Fontana, on behalf of themselves and all others similarly situated, v. Lendio, Inc., Brock Blake and all other related entities and individuals*, Index No. 610642/2026 (the "State Court Action"), previously pending in the Supreme Court of the State of New York, County of Nassau to the United States District Court for the Eastern District of New York on the following grounds. Defendants file this Notice without waiving any rights, defenses, exceptions, or obligations that may exist in state or federal court.

## I. RELEVANT ALLEGATIONS

### A. The Parties

1. Plaintiffs Taylor Jackson and, Joseph Fontana (collectively, "Plaintiffs") commenced this action against Lendio and Lendio's CEO Mr. Brock Blake on May 15, 2026, by filing a Class Action Complaint (the "Complaint" or "Compl.") in the State Court Action. Pursuant

to 28 U.S.C. § 1446, a true and correct copy of the Summons and Complaint filed in the State Court Action is attached hereto as **Exhibit A**.

2. With regard to Plaintiff Jackson, the Complaint alleges, in part: "Plaintiff Jackson was hired in September of 2023 as an Account Development Representative and worked at Defendants' Melville [NY] location . . . . During his employment, Plaintiff Jackson was paid at wage rate of $20 dollars an hour . . . . Upon information and belief, during the course of Plaintiff Jackson's employment, not all those who shared the same or similar position were subject to the same commission structure or overtime rules. During the course of Plaintiff Jackson's employment, his commission structure would periodically change without being provided with written notice . . . . Plaintiff Jackson would work upward to 64 hours per week, but he would not receive overtime wages at time and one-half his regular rate of pay for all the hours over 40 that he worked . . . ." (Compl. ¶¶ 35-43.)

3. With regard to Plaintiff Fontana, the Complaint alleges, in part: "Plaintiff Fontana was hired in February of 2019 as a Lending Specialist and worked in Defendants' Westbury [NY] office . . . . During his employment, Plaintiff Fontana was paid at wage rate of approximately $15-18 dollars an hour and would additionally receive commissions . . . . Plaintiff Fontana would typically work upward to 50 hours per week, but he would not receive overtime wages at time and one-half his regular rate of pay for all the hours over 40 that he worked." (Compl. ¶¶ 27-31.)

4. The Complaint alleges that "there are ***hundreds*** of workers who are Class Members as described above who have been damaged by Defendants' misconduct." (Compl. ¶ 51 (emphasis added).) More specifically, Plaintiffs claim to bring this action "on behalf of Named Plaintiffs and a putative Class consisting ***of each and every other person who worked for Defendants selling or marketing financial products in any capacity***, including but not limited to those classified as

financial representatives, interns, broker trainees, financial product sales trainees, financial advisor trainee, financial product salespersons, or financial service account managers within the State of New York at locations operated by or on behalf of Defendants, who were compensated at less than $110,000 annually – or other amounts at set by statute, rule, or regulation as a highly compensated and exempt employee." (Compl. ¶ 47 (emphasis added).)

**B. The Alleged Claims**

5. The Complaint asserts four causes of action, namely for: (1) Failure to Pay Overtime; (2) Failure to Pay Wages; (3) Failure to Pay all Earned Commissions; and (4) Failure to Provide Wage Statements.

6. With regard to the first cause of action (Failure to Pay Overtime), the Complaint alleges, in part: "[B]y failing to pay Named Plaintiffs and other members putative Class Members overtime compensation, Defendants violated NY Labor Law 19 § 663 and 12 NYCRR § 142-2.2. For the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Named Plaintiffs and members of the putative Class for all damages permissible under the New York Labor Law in an amount to be determined at trial, plus interest, attorneys' fees, and costs." (Compl. ¶¶ 65, 70-71.)

7. With regard to the second cause of action (Failure to Pay Wages), the Complaint alleges, in part: "Defendants have failed to pay Named Plaintiffs and members of the Class for all hours worked in a given work week. Defendants also withheld commissions from Named Plaintiffs and members of the Class by unilaterally adjusting the commission rate without agreement. Defendants' failure to pay Named Plaintiffs and the members of the Class is a violation of Labor Law §§ 191, 191-b, 191-c, 193, 195, and 198. Due to Defendants' violation of the Labor Law, Named Plaintiffs and the Class are entitled to recover from Defendants: an award of damages

for their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees and costs, and disbursements of the action, pursuant to the Labor Law § 198." (Compl. ¶¶ 75-79.)

8. With regard to the third cause of action (Failure to Pay All Earned Commissions), the Complaint alleges, in part: "By unilaterally changing Plaintiffs' commission structure, Defendants violated Labor Law §§ 191(c), 191-b and 191-c by failing to pay the Plaintiff in accordance with their commission agreement that details the method by which compensation will be calculated. By failing to provide Named Plaintiffs and other similarly situated workers with all earned commissions, Defendants have violated Labor Law § 190 et seq. including §§ 191, 191-b, 191-c, and 198. Named Plaintiffs and putative class members were harmed by Defendants' actions in an amount to be determined at trial, plus damages, penalties, interest, attorney's fees, and costs." (Compl. ¶¶ 97-99.)

9. With regard to the fourth cause of action (Failure to Provide Wage Statements), the Complaint alleges, in part: "According to Labor Law § 198-1 including under subsections 1-b and 1-d, Named Plaintiffs are entitled to $50.00 for every violation Defendants committed by failing to provide a compliant paycheck or Wage Theft Notice at the time of hiring, or at any point during his employment. Named Plaintiffs did not receive accurate weekly paystubs or any notice from Defendants on their wages, including any statement that accurately reflected the hours they worked or the number of deductions that were being taken from his wages. Additionally, Named Plaintiffs and similarly situated workers did not receive commission breakdowns and records that would provide the appropriate calculations and breakdowns on those commissions as wage compensation. For the foregoing reasons, Defendants have violated Labor Law § 195 and § 198 and are liable to Named Plaintiffs and putative Class Members in an amount to be determined at trial, plus interest, attorneys' fees, and costs." (Compl. ¶¶ 107-110.)

### C. <u>Potential Damages</u>

10. In relation to Plaintiffs' cause of action for Failure to Pay Overtime, Failure to Pay Wages and Failure to Pay all Earned Commissions, pursuant to N.Y. Labor Law § 198[1-a], "In any action instituted in the courts upon a wage claim . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an ***additional*** amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due . . . ." (emphasis added).

11. With regard to Plaintiffs' cause of action for Failure to Provide Wage Statements, pursuant to N.Y. Labor Law § 198[1-b], "If any employee is not provided within ten business days of his or her first day of employment a notice . . . , he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." In addition to that $5,000, pursuant to N.Y. Labor Law § 198[1-d], "If any employee is not provided a statement or statements . . . , he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."

12. The prayer for relief in the Complaint seeks, among other things, compensatory damages, an order of restitution and all other forms of equitable monetary relief, attorneys' fees, costs and expenses, awarding pre- and post-judgment interest, and declaratory and injunctive relief. (Compl., PRAYER FOR RELIEF.)

## II. TIMELINESS OF REMOVAL

13. Pursuant to an Affirmation of Service filed by Plaintiffs in the State Court Action, Lendio was purportedly served with a copy of the Summons on May 26, 2026. A true and accurate copy of the filed Affirmation of Service with regard to Lendio is attached hereto as **Exhibit B**.

14. Pursuant to an Affirmation of Service filed by Plaintiffs in the State Court Action, Mr. Blake was purportedly served with a copy of the Summons on May 27, 2026. A true and accurate copy of the filed Affirmation of Service with regard to Mr. Blake is attached hereto as **Exhibit C**.

15. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of May 26, 2026.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the removed State Court Action was pending.

17. No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III. GROUNDS FOR REMOVAL

18. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." This action is removable to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1441(a) because this Court has subject matter jurisdiction over this putative class action under 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), and 1453, in addition (or alternatively) to 28 U.S.C. §§ 1332(a)(1), and because this Court encompasses the district and division where the State Court Action was pending.

19. A removing party's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

**A. <u>There is Complete Diversity Between Plaintiffs and Defendants</u>**

20. Upon information and belief, Plaintiffs are residents of and are domiciled in the state of New York. (*See* Compl. ¶¶ 14 & 15.)

21. Lendio is a corporation incorporated in the state of Delaware with its principal place of business in the state of Utah. (*See, e.g.,* Compl. ¶ 16.) Mr. Blake is a resident of and is domiciled in the state of Utah. (*See, e.g.,* Compl. ¶ 19.)[1]

**B. <u>There Is Subject Matter Jurisdiction Under The Class Action Fairness Act</u>**

22. Removal based on diversity jurisdiction under the Class Action Fairness Act ("CAFA") is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) minimal diversity of citizenship exists between Plaintiffs and Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. All of these elements are satisfied here.

23. As set forth above, Plaintiffs and Defendants are citizens of different states and, therefore, complete diversity exists here.

---

[1] The Complaint's caption names "all other related entities and individuals" as Defendants. These are unidentified, fictitious parties. Their citizenship is disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(b)(1), and, because they have not been identified or served, their joinder in or consent to this removal is not required.

24. In addition, the Complaint alleges that "there are ***hundreds*** of workers who are Class Members as described above who have been damaged by Defendants' misconduct." (Compl. ¶ 51 (emphasis added).) Therefore, the aggregate number of putative class members is 200 or greater.

25. Furthermore, based on the fact that Plaintiffs allege that there are at least two hundred members in the putative class (*i.e.,* Plaintiffs' allegation that there are "hundreds" of potential class members), the most that each class member would need to claim is, on average, $25,000 in damages to reach the $5 million threshold ($5 million / 200 = $25,000), which appears to be made given the limited allegations that Plaintiffs do make (summarized above), coupled with the extremely broad putative class (which Defendants dispute is appropriate) and the broad damages sought by Plaintiffs (*e.g*., equitable monetary relief, attorneys' fees, etc.).

26. If a federal court is uncertain about whether all matters in controversy in a punitive class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case. *See Shulman v. Chaitman LLP*, 392 F.Supp.3d 340, 357 (S.D.N.Y. 2019) ("Even in uncertain cases, CAFA's legislative history suggests inclusion into the federal courts. *See* S. Rep. No. 109-14, at 42, 2005 U.S.C.C.A.N. 3, 40 (with respect to § 1332(d)(6): '[t]he Committee intends this subsection to be interpreted expansively . . . And if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case.'")).

27. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court . . . ." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citations omitted).

28. Accordingly, while Defendants deny Plaintiffs' allegations and denies that Plaintiffs, or the putative class they seek to represent, is entitled to any relief, the Complaint seemingly has put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the 200+ putative class members. *See* 28 U.S.C. § 1332(d)(6).[2]

29. None of CAFA's exceptions to jurisdiction applies. The local-controversy and home-state-controversy exceptions under 28 U.S.C. § 1332(d)(4) require that at least one significant defendant (or all primary defendants) be a citizen of the State in which the action was filed. Here, no Defendant is a citizen of New York. Lendio is incorporated in Delaware with its principal place of business in Utah; and, Mr. Blake is a citizen of Utah. (Compl. ¶¶ 16, 19.) Accordingly, those exceptions cannot defeat removal.

30. Therefore, this Court possesses subject matter jurisdiction over this action under CAFA.

### C. There Is Also (or Alternatively) Diversity Jurisdiction Because The Amount In Controversy of the Individual Claims Exceeds $75,000

31. This Court also (or alternatively) has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

32. As set forth above, Plaintiffs and Defendants are citizens of different states and, therefore, complete diversity exists here.

---

[2] While the Complaint contains a reservation of a right to waive liquidated damages and statutory penalties on a class-wide basis, such a contingent, future, and unilateral reservation does not remove these claims from the Court's consideration. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim . . . . Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

33. As an initial point, Plaintiffs each assert claims for Failure to Provide Wage Statements. The potential damages for each of the Plaintiffs on that cause of action, pursuant to N.Y. Labor Law §§ 198[1-b] and 198[1-d], totals $10,000 each (and is also wholly disputed).

34. Plaintiffs' allegations regarding their damages for their claim for alleged Failure to Pay Overtime are inconsistent and unclear. Plaintiffs do not provide any allegations with regard to damages for their claims for Failure to Pay Wages or Earned Commissions. However, given the potential for damages on all of these claims to be doubled pursuant to N.Y. Labor Law § 198[1-a] (which is wholly disputed), those combined damages claims on those three causes of action alone would only need to total $27,500 each (*i.e.,* $75,000 / 2 due to claims allegedly being doubled pursuant to N.Y. Labor Law § 198[1-a] = $37,500; $37,500 - $10,000 for alleged Failure to Provide Wage Statements = $27,500).[3]

35. Given the foregoing, there is at least a reasonable probability that the amount in controversy for damages claimed by each Plaintiff exceeds the necessary threshold for this Court to possess subject matter jurisdiction here. *See Tongkook Amer., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.") (citing *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir.1975)).

36. Accordingly, this Court also or alternatively possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

---

[3] References to specific damage amounts alleged in the Complaint are provided solely for establishing the jurisdictional minimum and reserves all rights. Defendants maintains that they are not liable to Plaintiffs or any putative class member. In addition, Defendants deny that liability or damages can be established on a class-wide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiffs is entitled to any recovery.

## IV. OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

37. This Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(1), because it is filed within thirty days of Defendants purportedly being served with process. This Notice of Removal is also timely in accordance with 28 U.S.C. § 1446(c), because it is filed less than one year after commencement of the action.

38. Defendants will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d). A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed in the State Court Action, as required by 28 U.S.C. § 1446(d).

39. Defendants will concurrently file a Civil Cover Sheet and a corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1.

40. Defendants have thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## CONCLUSION

**WHEREFORE**, Defendants respectfully submit that the captioned action is now removed and is properly before this Court. In so doing, Defendants make no admission of liability and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiffs' pleadings and all defenses relating to personal jurisdiction.

Dated: June 24, 2026

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *Alan F Kaufman*
Alan F. Kaufman
Salvador P. Simao
330 Madison Avenue, 27th Floor
New York, NY 10017
Telephone: (212) 413-9000
Email: alan.kaufman@nelsonmullins.com
Email: sal.simao@nelsonmullins.com
*Attorneys for Defendants*