**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Taylor Jackson and Joseph Fontana, *on behalf of themselves and all others similarly situated*,<br><br>             Plaintiffs,<br><br>    -v-<br><br>Lendio, Inc., Brock Blake, *and all other related entities and individuals*,<br><br>           Defendants. | 2:26-cv-3811<br>(NJC) (LGD) |

**ORDER OF REMAND**

NUSRAT J. CHOUDHURY, United States District Judge:

On June 24, 2026, Defendants removed this action from Nassau County Supreme Court. (ECF No. 1.) On July 6, 2026, the Court issued an Order requiring Defendants to "show cause by July 20, 2026, in writing, with all material facts established by sworn affidavit, why this Court should not remand this action for lack of subject matter jurisdiction." (Order to Show Cause at 1, ECF No. 7.) The Court cautioned that if Defendants' response "does not show that the Court has subject matter jurisdiction over this action, this action will be remanded for lack of subject matter jurisdiction." (*Id*. at 8.) Defendants filed their response on July 27, 2026. (Response, ECF No. 11.)

For the reasons set forth below, this action is remanded to the Supreme Court of the State of New York, County of Nassau pursuant to 28 U.S.C. § 1447(c). Defendants' Response fails to establish that there is minimal diversity between the parties as required for jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), or alternatively, that there is complete diversity between the parties for jurisdiction under 28 U.S.C. § 1332(a).

**LEGAL STANDARDS**

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Jurisdiction under the Class Action Fairness Act requires a "class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.,* where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. § 1332(d)(2), (5)(b), (6)). Under the Class Action Fairness Act, minimal diversity is met where:

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2)(A)–(C).

In determining the citizenship of a party, the following standards apply. "[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the

state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Additionally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of establishing diversity. *See Snyder Corp. v. Fitness Ridge Worldwide*, LLC, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient); *see also Enteado v.*

*HiPower Cycles, LLC*, No. 16-cv-996, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. Mar. 7, 2016) (holding that "allegations made 'upon information and belief,' are insufficient to convince the Court that diversity exists between the parties") (citation omitted).

## DISCUSSION

As explained in the Court's Order to Show Cause, the Notice of Removal and underlying Complaint (ECF Nos. 1, 1-1) failed to show that this Court possesses jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), as codified in 28 U.S.C. § 1332(d). Specifically, Defendants had failed to show (1) that the numerical requirement for CAFA jurisdiction has been satisfied, (2) that there is a "*reasonable probability* that the aggregate claims of the plaintiff class are in excess of $5 million," *Blockbuster, Inc.*, 472 F.3d at 58 (emphasis added), and (3) that there is minimal diversity between the parties. Defendants' Response to the Court's Order to Show Cause establishes that the first two requirements for CAFA jurisdiction are satisfied but fails to demonstrate that there is minimal diversity between the parties.

Defendants' Response shows that the putative class contains 100 or more members. Brittany Palmer, Human Resources Manager of Defendant Lendio, attests in a declaration that "Lendio identified at least 218 distinct individuals who were employed by Lendio from May 15, 2020, through May 15, 2026, that fit the definition of the alleged Putative Class." (Palmer Decl. ¶ 4, ECF No. 11-1.)

Defendants have also established a "*reasonable probability* that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc.*, 472 F.3d at 58 (emphasis added). Upon review of "payroll, commission, and employment data," Defendants estimate that the putative class would be entitled to approximately $4.2 million in damages stemming from claims for unpaid commissions, as well as approximately $1.82 million in damages for Plaintiffs' overtime claims. (Response at 3–4; Palmer Decl. ¶ 5.) Defendants explain their reasoning and

4

provide the figures underlying their calculations. (*See id*.) Thus, Defendants have made the requisite showing that there is a reasonable probability that the aggregate claims exceed $5 million.

However, Defendants' Response fails to show that the minimal diversity requirement for CAFA jurisdiction under 28 U.S.C. § 1332(d)(2)(A)–(C) is satisfied. As explained in the Court's Order to Show Cause, the Notice of Removal establishes that Defendant Lendio is a citizen of Delaware and Utah but fails to properly plead the citizenship of Plaintiff Taylor Jackson, Plaintiff Joseph Fontana, or any other member of the putative class as required to establish minimal diversity.[1] With respect to the unnamed class members, Defendants argue that, "given that the Putative Class relates to individuals employed in New York, there is nothing to suggest that any of them are domiciled in Utah, nor is Lendio aware of any potential members of the Putative Class having been domiciled in Utah." (ECF No. 11 at 2.) Defendants fail to provide any factual submissions regarding the citizenship of *any* unnamed plaintiff at the time this action was initiated, despite the fact that Defendants had "conducted a review of employment records maintained in the ordinary course of business and identified at least 218 individuals" who are members of the putative class to prepare their Response. (*Id*. at 1.) Defendants appear to take the position that it is obvious that at least one of the 218 putative class members is a citizen of a state other than Utah, while ignoring that it is their burden to establish the citizenship of at least one plaintiff so as to demonstrate that minimal diversity is met. *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617–18 (holding that "the party asserting federal jurisdiction bears the burden of

---

[1] Defendants' Response also attached a declaration from Defendant Brock Blake, which establishes that he is a citizen of Utah. (Blake Decl., ECF No. 11-2.)

establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence").

With respect to the named Plaintiffs, Defendants merely reiterate the allegations in the Complaint that "Plaintiffs are residents of and are domiciled in the state of New York," despite this Court's express finding in the Order to Show Cause that these allegations standing alone are both conclusory and insufficient. (*See* Order to Show Cause at 6.) The underlying Complaint does not offer any other factual allegations sufficient to establish the named Plaintiffs' domicile. For example, the Court may not rely on the Complaint's allegations that Plaintiffs Fontana and Jackson worked out of Defendants' New York offices, because the Complaint makes clear that both Plaintiffs ceased their employment with Defendants in 2022 and 2024, respectively, and this action was initiated in 2026. (Compl. ¶¶ 14–15, 27, 35, ECF No. 1-1.) The citizenship of parties is determined at the time of filing. *See Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-cv, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (Diversity is "determined as of the date that suit is filed—the 'time-of-filing' rule." (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999)). In response to the Order to Show Cause, Defendants fail to offer any factual submissions addressing the citizenship of either Plaintiff Jackson or Plaintiff Fontana at the time of this action's commencement. Therefore, Defendants have failed to meet their burden to show that there is minimal diversity between the parties. Moreover, having failed to demonstrate the minimal diversity requirement for CAFA jurisdiction, Defendants have also failed to meet the complete diversity requirement for jurisdiction under 28 U.S.C. 1332(a).

6

## CONCLUSION

For the reasons set forth above, this action is remanded to the Supreme Court of the State of New York, County of Nassau pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction under either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d). The Clerk of Court is directed to close the case.

Dated: Central Islip, New York
       August 6, 2026

　　　　　　　　　　　　　　　　　　　*/s/ Nusrat J. Choudhury*
　　　　　　　　　　　　　　　　　　　NUSRAT J. CHOUDHURY
　　　　　　　　　　　　　　　　　　　United States District Judge